[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned case came before this court for a non-jury trial on the merits on February 7, 1997. The plaintiff, Frances Pataway claims on her own behalf and on behalf of her minor daughter, Shauntae Petaway, that a motor vehicle collision that occurred at the intersection of Church St. and North Frontage Road in New Haven on May 7, 1994 was caused by the negligence of the defendant, Karen Maricoli. The defendant claims that the Frances Pataway's own negligence caused the collision.
Both drivers were approaching the intersection on one-way highways and both claim to have had a green light. The rear passenger side of the Petaway car and the front of the Maricoli car were damaged. Frances Petaway testified she never saw the Maricoli car before it struck her car. Ms. Maricoli testified that she saw the Petaway car approaching the intersection at a fast rate of speed and that the Petaway car proceeded into the intersection despite a red traffic signal.
The plaintiff s teenaged daughter, Shauntae, testified in almost an identical manner to the plaintiff. The defendant's fiance, who was a passenger in her car, testified that the traffic signal was green for the defendant. All witnesses were CT Page 845 vehement and all tended to add details not mentioned in the police report (which was admitted into evidence without objection) and that favored their own position.
Though none of the witnesses was wholly credible, the court finds that the topography of the area makes it more probable than not that the plaintiff failed to see the defendant's car as it approached coming uphill toward the intersection and that the plaintiff went through a red light. Though the defendant saw the plaintiff approaching fast enough to realize that she did not intend to stop, the defendant simply proceeded because the light was green as she approached it.
While both parties were at fault, the court finds that the plaintiff was more at fault than the defendant and that her negligence in proceeding against the traffic signal was a more substantial factor in causing the collision than the defendant's failure to respond appropriately to her observation that the plaintiff was not stopping.
The court notes that the plaintiff exaggerated the force of the collision in relation to the physical damage, denied that she was directed to a particular doctor by her lawyer even though the lawyer is listed as the referrer on the doctor's intake form, and denied even harmless facts such as missing occasional physical therapy appointments. The plaintiff's failure to tell the truth as to verifiable details leads this court to place less weight on her other testimony.
Because the court has found, after weighing credibility, that the plaintiff was more at fault that the defendant, judgment shall enter in favor of the defendant, who may recover her statutory court costs.
Hodgson Judge of the Superior Court